Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 6074 | **DATE** | 12/13/2004 |
| **CASE TITLE** | STEPHANIE HILL, et al vs. LYNCH CHEVROLET, INC., et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

MEMORANDUM OPINION AND ORDER

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. This action is stayed except for discovery limited to the issue of whether or not Hill signed the agreement consenting to arbitration or authorized another to sign for her. If that issue cannot be resolved by motion following discovery, we will call a special jury to decide. All discovery on that issue should be completed before a status set for February 9, 2005, at 9:15 a.m. Bank One N.A.'s motion to stay discovery is granted in part and denied in part.
(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 18 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | | date mailed notice | |
| LG | courtroom deputy's initials | | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| STEPHANIE HILL and DAVID HARTLEY, | ) ) ) |
| Plaintiffs, | ) ) ) |
| vs. | ) No. 04 C 6074 |
| LYNCH CHEVROLET, INC., and BANK ONE CORPORATION, | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

In this dispute over the purchase of a vehicle, defendant Lynch Chevrolet, Inc. (Lynch) has filed a motion to stay pending arbitration, contending that plaintiff Stephanie Hill agreed to arbitrate that dispute. Hill denies that she so agreed and contends that her name was forged to the agreement upon which Lynch relies. Both parties agree that the issue of whether or not everyone agreed to arbitrate has to be decided before the case can proceed, or at least before it can proceed to arbitration.

But who decides? Lynch claims this court should decide because it is merely seeking to stay this action pending arbitration, pursuant to Section 3 of the Federal Arbitration Act (FAA), 9 U.S.C. §3. Hill counters by contending that what Lynch really wants is to arbitrate the dispute, and the issue of whether or not she can be compelled to arbitrate is governed by §4 of the FAA, which provides for a jury trial on that narrow issue.

If Lynch wants us merely to stay the action, and prevails, this case will be stayed. Hill can refuse to proceed to arbitration and this dispute may never be resolved. That might not be a bad result for Lynch, but it also makes no sense. In reality, Lynch wants the stay because 

it wishes to arbitrate the dispute and believes it has a right to do so. Its motion implicates both §3 and S4. If Hill wants a jury trial limited to deciding the arbitration issue, she is entitled to it.

Accordingly, we stay this action except for discovery limited to the issue of whether or not Hill signed the agreement consenting to arbitration or authorized another to sign for her. If that issue cannot be resolved by motion following discovery, we will call a special jury to decide. All discovery on that issue should be completed before a status set for February 9, 2005, at 9:15 a.m. Bank One N.A.'s motion to stay discovery is granted in part and denied in part, as indicated above.

*James B. Moran*
JAMES B. MORAN
Senior Judge, U. S. District Court

Dec. 13, 2004.