IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

STEPHANIE HILL and )
DAVID HARTLEY, )
 )
Plaintiffs, )
 )
vs. ) No. 04 C 6074
 )
LYNCH CHEVROLET, INC., and )
BANK ONE CORPORATION, )
 )
Defendants. )

## MEMORANDUM OPINION AND ORDER

This case has a <u>Bleak House</u> quality to it. It was filed on September 17, 2004. It concerns the purchase of a 2002 Cavalier in September 2002. In their complaint, David Hartley and Stephanie Hill, brother and sister, alleged that Hartley bought the automobile in September, but was advised shortly thereafter that the bank would finance the purchase only if he got a co-signer. His sister, Stephanie Hill, agreed to co-sign and did so. She thereafter got the billing statements and, when she complained, she learned that her name had been forged on the contract and, indeed, she was represented as the sole owner. The alleged forgery was the basis for two counts. The other counts related to alleged injuries due to violations of credit obligations.

Lynch Chevrolet, Inc. (Lynch) moved to stay, pending arbitration. The plaintiffs objected, contending that Hill's name had been forged to the Vehicle Purchase Order, which provided for arbitration of any claim or dispute which arose out of or related to the Vehicle Purchase Order or any resulting transaction or relationship. On December 13, 2004, we stayed the action except for a two-month discovery period on the forgery issue. That period

was extended for a month, and thereafter continued to be extended because plaintiff Hill did not come up with appropriate sample signatures until some time in the late spring of 2006. At some time thereafter Lynch's handwriting expert concluded, we are told, that plaintiff Hill's signature was genuine. In the meantime, the parties were discussing settlement, and plaintiffs now contend that a binding settlement was reached in the late winter of this year. Plaintiffs filed an amended complaint on April 16, 2007, and Lynch again moved for a stay, pending arbitration.

In a wholly orderly world this case should have been over long ago. Plaintiffs had the automobile and the payments would have been made while they litigated the claims alleged. Those claims may well have merit – we have no opinion on the matter (although we do note that Lynch gave Hill the benefit of Hartley's discount, some indication it realized Hartley had an interest) – but the likelihood that plaintiffs could prove any or significant actual damages is remote, and certainly any actual damages are far less than the selling price of the automobile.

But it is not a wholly orderly world. It is now the summer of 2007. Plaintiffs, or one of them, has had the use of the automobile for almost five years, without paying for it. The docket sheet has 101 entries. The claims of the litigation are no further advanced than they were in 2002. We are back to a motion to stay (which we and plaintiffs view as a motion to compel), right where we were in October 2002. And plaintiffs continue to resist arbitration. This time Lynch joined its motion for a stay with a motion for a turnover order or, alternatively, for inspection and a protective order. Plaintiffs now contend that the claims of the amended complaint are not arbitrable because in the amended complaint three of the claims have become claims by plaintiff Hartley alone, not by plaintiff Hill, and he never signed

an arbitration agreement; the arbitration provision is unconscionable; defendant has failed to authenticate that the arbitration order bears plaintiff Hill's true signature; and they are entitled to discovery as to whether the provision is unconscionable because its high cost would bar plaintiffs from pursuing their claims.

Enough is enough! All the claims arise out of the purchase of the automobile in 2002. The paperwork for that transaction provides for arbitration, as transactions of that nature often do. Arbitration was stalled by plaintiffs' contention that the signature was forged, followed by their failure to provide appropriate exemplars, and that contention was untrue. It was up to plaintiffs to prove the allegation of forgery in a transaction where all the signatures are purportedly those of Hill and not Hartley. Lynch's expert indicates she signed; plaintiffs have no rebuttal expert. The arbitration provision provides that Lynch, not the buyer, pays the basic arbitration costs, hardly evidence of unconscionability, and an interest by defendants in knowing that the automobile exists and is not yet a pile of rust is hardly a knowing waiver.

The proposed turnover order is, quite evidently, a hope to enlist this court in helping to repossess the automobile. We think our role was, and always has been, confined to determining the validity of the arbitration agreement. We determine that it is valid. In aid of that arbitration, and in view of the passage of time, we do direct plaintiffs to advise defendants within seven days of the present location and custodian of the vehicle, the current mileage, and the current condition. We direct plaintiffs to cooperate with Lynch in initiating arbitration forthwith.

*(signature)*
JAMES B. MORAN
Senior Judge, U. S. District Court

*July 19*, 2007.